SPERRY & HUTCHINSON CO. *v.* KENT PROSECUTING
ATTORNEY.

1. CONSTITUTIONAL LAW—UNFAIR COMPETITION—TRADING STAMPS—
GASOLINE—STATUTES.

In suit by retailer of gasoline who gives trading stamps to its
customers to enjoin prosecution threatened under statute, al-
leged to be unconstitutional, decree for plaintiff is affirmed
under *People* v. *Victor, ante,* 506 (Act No. 282, § 6, Pub. Acts
1937).

2. COSTS—PUBLIC QUESTION—INJUNCTION—UNCONSTITUTIONAL STAT-
UTE.

No costs are allowed in suit to enjoin enforcement of a statute
relative to giving trading stamps, found to be unconstitutional,
a public question being involved (Act No. 282, § 6, Pub. Acts
1937).

POTTER and MCALLISTER, JJ., dissenting.

Appeal from Kent; Verdier (Leonard D.), J.   Sub-
mitted June 8, 1938.   (Docket No. 45, Calendar
No. 40,103.)   Decided February 2, 1939.

Bill by Sperry & Hutchinson Company and Brock-
Ederle Company, copartners, against Fred N. Searl,
Kent Prosecuting Attorney, for a declaration of
rights concerning the constitutionality of Act No.
282, § 6, Pub. Acts 1937, and for injunction restrain-
ing prosecution under the act.   Decree for plaintiffs.
Defendant appeals.   Affirmed.

*Butlerfield, Keeney & Amberg* and *McNamara &
Seymour,* for plaintiffs.

*Fred N. Searl, in pro. per.*

*Goodenough, Voorhies, Long & Ryan, amici curiæ.*

BUTZEL, C. J.   Plaintiff Sperry & Hutchinson Com-
pany deals in trading stamps given by retail mer-
chants to cash customers.   The stamps are redeem-
able in cash or merchandise.   Plaintiff Brock-Ederle
Company is engaged in the retail sale of gasoline
and gives these stamps to its customers.   Upon be-
ing threatened with prosecution for violation of

Act No. 282, § 6, Pub. Acts 1937 (Comp. Laws Supp. 1937, § 9829-16, Stat. Ann. 1938 Cum. Supp. § 28.78 [6]), plaintiffs brought suit to enjoin defendant prosecutor from bringing such threatened action and claimed that section 6, was unconstitutional. The trial judge so held and defendant appeals.

We refer to our decision in *People* v. *Victor, ante,* 506. The trial judge was correct and his decree enjoining prosecution is affirmed, but without costs, a public question being involved.

WIEST, SHARPE, CHANDLER, and NORTH, JJ., concurred with BUTZEL, C. J.

McALLISTER, J. (*dissenting*). My views on the constitutionality of the section of the statute in question are set forth in *People* v. *Victor, ante,* 506. With regard to plaintiffs' claim that the statute violates the Fourteenth Amendment to the Constitution of the United States in denying to plaintiffs the equal protection of the laws—an issue, herein, somewhat more emphasized than in the *Victor Case,*—such contention is without foundation, under the authority of *Nebbia* v. *New York,* 291 U. S. 502 (54 Sup. Ct. 505, 89 A. L. R. 1469). It may be well to add, in view of the trial court's findings and plaintiffs' reliance and argument based thereon, that it will always be conclusively presumed that the legislature acted from proper motives, *People, ex rel. Ellis,* v. *Calder,* 153 Mich. 724, 126 Am. St. Rep. 550; *People* v. *Gardner,* 143 Mich. 104, and that it is not within the province of the judiciary to inquire into the motives actuating the law-making body in the enactment of a statute. *People* v. *Gardner, supra; Flint & Fenton Plank Road Co.* v. *Woodhull,* 25 Mich. 99 (12 Am. Rep. 233).

The decree should be reversed, and the injunction set aside.

POTTER, J., concurred with McALLISTER, J. BUSHNELL, J., did not sit.